## Wabash Railroad Company v. F. A. Papin, for use, etc.

1. SEPARATE INSTRUMENTS—*when construed as one.* Where two instruments are given at the same time and refer to the same transaction, they will be construed as one.

2. POWER OF ATTORNEY—*extent of authority to fill blanks in assignment of salary.* Held, that the particular instruments set out in this opinion did not authorize the filling of blanks in an assignment of salary for a period other than the specific month therein mentioned.

3. WAGES—*when assignee of, cannot recover.* An assignee of wages cannot recover the amount thereof from the alleged employer without establishing the fact that the assignor was in the employ of such alleged employer and that the wages were actually due and unpaid.

Action of assumpsit. Appeal from the Circuit Court of St. Clair County; the Hon. ROBERT D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1904. Reversed with finding of facts. Opinion filed March 17, 1905.

C. N. TRAVOUS, for appellant; E. C. KRAMER, of counsel.

D. E. KEEFE, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in assumpsit against appellant to recover certain wages claimed to be due F. A. Papin from appellant and alleged to have been assigned by Papin to John J. Nelson. There was a trial by jury, a verdict for $73 and a judgment for that amount.

On the trial appellee introduced in evidence, the following instrument which was marked Exhibit A:

"St. Louis, Mo., January 2, 1902.

Whereas, I did on the date above mentioned and contemporaneous herewith, and for cash in hand paid by the Cooley Credit Company to myself, assign, sell and set over to said Cooley Credit Company all my claim, title and demand in and to certain salary and wages due and to become due and payable to me, which salary and wages I promise and warrant shall amount to the sum of $73 for services rendered and under contract for, in the employment of Wabash R. R. Co., and payable, according to custom heretofore, on the first day of February, 1902. Now, further, in consideration of the said Cooley Credit Company having purchased the salary mentioned from me, I agree (without further charges) to collect said salary, when due, from my said employer as the agent of said Cooley Credit Company for its sole use and benefit and no other, hereby releasing all right, claim and title thereto as owner thereof. I further promise to deliver the whole amount of said salary over to said Cooley Credit Company immediately upon collecting same, waiving all demands therefor.

It is understood, however, that the contract to collect said salary does not divest said Cooley Credit Company of the right to fill out, date and file the written assignment (herewith executed) with my employer, before or after my salary becomes due, and collect the same thereby for themselves, should they for any reason see fit so to do.

Cooley Credit Company agrees to all the provisions contained in the above.

Witness our hands and seals this day and year first above.

(Seal.)               F. A. PAPIN."

Wabash Railroad Co. v. Papin.

Also the following instrument in writing marked Exhibit B:

..................................190..

"I, *F. A. Papin of St. Louis,* street, now under contract of continuous employment with *Wabash Ry. Co.,* as *clerk,* for the salary of 85 dollars *per month* payable on or about the *1st* of each *month.*—For value received, I do hereby assign, sell and transfer to the Cooley Credit Company, all of my said claim, demand and title, which I now have or may hereafter acquire against the said *Wabash Ry. Co.* for salary, under said contract for employment for the *month* ending *March 31, 1904.* To have and to hold the same unto said Cooley Credit Company, its heirs and assigns forever. I further hereby guarantee that I shall earn the salary hereby sold, and that I will warrant and defend the title to said salary unto said Cooley Credit Company, its heirs and assigns, against any and all prior and subsequent claims of all persons against same. I further agree and promise as a part of this contract, that if I shall fail to earn the salary of ......dollars that this assignment and order for warrant and check shall continue in full force until said amount of said *$73.00* salary has been earned.

Witness my hand the day and year first above set out.

F. A. PAPIN."

The portions of Exhibit B. not in italics appear in the original print. The portions in italics were written in and with the exception of the signature of F. A. Papin at the bottom, were inserted by Nelson on the day of the trial. Appellee also introduced in evidence a notice to appellant purporting to be signed by an attorney for the North American Credit Company, stating that Papin had assigned his salary to said last named company for the months of February and March, 1904, and directing appellant to hold such moneys as might be due Papin for services during said months from him, and pay the same over to said Credit Company. This notice was dated and served February 25, 1904.

Nelson testified that Exhibits A and B were both executed on the same day, January 2, 1902; that he at one time did business under the name of the Cooley Credit Company; that a man named Cooley had some interest in the earnings of the company, if there were any, but that witness really owned the business and conducted it under Cooley's name; that afterwards he changed the name under which he did business, to that of the North American Credit Company; that Papin did some business with him during the existence of the Cooley Credit Company; that he, Nelson, was doing business under the name of the North American Credit Company at the time Exhibits A and B were executed but that he used the stationery of the Cooley Credit Company; that he had bought Papin's salary on previous months and the same had been delivered to him; that he did not remember how much cash he paid Papin on the day said exhibits were executed but thinks it was $73 and that it may have been $73 less five per cent, as in some instances he made a discount of five per cent.

Papin testified that on the day in question he handed Nelson $73 in money and that Nelson returned the same to him less five per cent. Appellant offered to prove by Papin that he commenced doing business with Nelson in 1900, when he borrowed $70; that for 28 months prior to the day said exhibits were executed, he had taken his salary to Nelson and gone through the form of paying the debt, but that Nelson immediately delivered the money back to him, after retaining five per cent for his commissions, and that the same transaction was gone through on the day in question. This evidence, however, was excluded by the court.

On the trial appellee was permitted to erase the words "Cooley Credit Company" where they appear in said exhibits and write in place of the same, the name of John J. Nelson. At the close of plaintiff's evidence and again at the close of all the evidence, defendant below presented its motion in writing, asking the court to exclude the evidence from the jury and direct a verdict in favor of the defendant.

We are of opinion that the two exhibits having been given at the same time and referring to the same transaction, must be construed together. Direct authority is given the Cooley Credit Company by Exhibit A to fill out the blanks in Exhibit B, and the former is to that extent a power of attorney, but said power of attorney to fill blanks evidently refers only to the salary to become due February 1, 1902, and should not be extended so as to cover the salary falling due upon other months thereafter.

A different question might arise if the assignment, Exhibit B, had been alone delivered to the Cooley Credit Company, but it was accompanied by Exhibit A which in effect limited the right to fill out, date and file the written assignment, Exhibit B, to the salary mentioned in Exhibit A, which was the salary to become due on the first day of February, 1902. Exhibit A contained a statement that the Cooley Credit Company agreed to all the provisions contained therein, and having been accepted by said Nelson and relied upon by him, as a part of his authority, to collect Papin's salary from appellant, he is bound by the terms thereof and he could not legally fill out the assignment to appellee of a month's salary falling due more than two years after the one referred to in the power of attorney.

There is another reason why appellee was not entitled to recover in this case. It was of vital importance for him to show that Papin had been in the employ of appellant during the month of March, 1904, and that he had not been paid his salary for his services prior to the time notice of the claimed assignment was served upon it. The only evidence upon that subject was the testimony of Nelson, who swore that at the time of the trial, he believed Papin was working for the same company, but could not say whether he was or not; that witness had not seen him at the office and had not been there to see or make any inquiry, He was then asked the question, "Where has he been working all the time so far as your information goes," and answered, "He has been working for the Wabash Railway

Company." This question was objected to by appellant, and the objection overruled  The evidence did not show that the witness had any information upon the subject, and his answer could not have been anything more than an opinion.  So far as his testimony is concerned, Papin may in fact have not been in the service of appellant during the month in question.  Even if he were in such service there is no proof that appellant was indebted to him in any amount at the time the notice of the assignment was served upon it or subsequently thereto.

The judgment of the court below will be reversed.

Finding of ultimate facts, to be incorporated in the judgment of the court:

We find the proof failed to show that Papin was in the employ of appellant during the month of March, 1904, or that appellant was indebted to him in any amount, at the time said claimed notice of assignment to the North American Credit Company, as the successor to the Cooley Credit Company, was served upon it, or subsequently thereto.

*Reversed with finding of facts.*