## The Simmons Hardware Company v. E. J. Hargate, for use of John J. Nelson.

1. ASSIGNMENT OF WAGES—*how power to fill blanks in, construed.* The power of attorney authorizing the assignee to fill in blanks obtained upon an assignment of wages is strictly construed and the filling of such blanks by the assignee is without authority unless plainly granted by the power.

Action of assumpsit. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1905. Reversed and remanded. Opinion filed September 8, 1905.

CHARLES W. THOMAS for appellant.

KEEFE & IROSE, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

By this suit John J. Nelson sought to recover from appellant certain wages said to be due E. J. Hargate, an employee of appellant, by virtue of an assignment claimed by Nelson to have been made to him by Hargate.

The first count was a special count upon the alleged assignment and averred that Hargate was, on October 15, 1902, employed by appellant at a salary of $100 a month, payable on and after the last day of each and every month, beginning with the month of October, 1902; that after entering into said employment and while there was money thereafter to become due him from appellant, Hargate assigned and sold to Nelson all wages then due or to become due him for any one month while working for appellant; that Nelson could designate the wages of such month as he should elect and collect the same; that the assignment was made to the Cooley Credit Company, under which name Nelson was then doing business, but that he was now doing business under the name of the North American Credit Company; that thereafter appellant was notified by Nelson, under the latter name, that Hargate's wages had

been assigned to him and that he claimed the right to have the same paid him for the month of May, 1903, but that appellant neglected and refused to pay the same to him.

The second count declared for work and labor performed by Hargate, the wages of which were duly assigned to Nelson, for money had and received by appellant for the use of Nelson and for money due Nelson from appellant on an account stated. There was a plea of the general issue and on the trial it was stipulated that any defense might be shown under such plea which could be shown under a special plea properly pleaded.

The jury found the issues against appellant and returned a verdict for Hargate for the use of Nelson for $56.48, and a motion for a new trial having been overruled, judgment was rendered for that amount.

On the trial appellee, Nelson, offered in evidence an agreement and power of attorney, purporting to have been entered into by Hargate with the North American Credit Company, dated October 1, 1902, and reciting, that on that date Hargate had assigned to said Credit Company, all his claim, title and demand to certain salary and wages due and to become due and payable to him, which he warranted should amount to the sum of $50 "for services rendered and under contract for in the employment of Simmons Hdw. Co. and payable according to custom heretofore on the first of Nov., 1902;" that Hargate would without further charges, collect said salary when due from his employer as agent of said Credit Company, and deliver the whole amount of the same over to said company immediately upon collecting the same. The agreement also contained the following provision: "It is understood however, that the contract to collect said salary, does not divest said North American Credit Company of the right to fill out, date and file the written assignment (herewith executed) with my employer before or after my salary becomes due and collect the same thereby for themselves, should they for any reason see fit to do so." Nelson, at the same time, offered in evidence a purported assignment

of salary by Hargate, reciting that Hargate was then under contract of continuous employment with appellant as bookkeeper for the salary of $100 per month payable on or about the 30th of each month and that for value received he did assign, sell and transfer to the Cooley Credit Company all claim, demand or title which he then had or might thereafter acquire against appellant, for salary under said contract of employment for the month ending May 31, 1903. This purported assignment did not bear any date. Appellant objected to the admission of both the above named instruments but the court overruled the objection and admitted them in evidence. Appellant preserved an exception and now insists that the court erred in the admission of said instruments.

It appeared from the evidence that prior to October 1, 1902, Hargate had borrowed of Nelson, who was a money broker, $25 at two different times and agreed to pay him interest on the same at the rate of five per cent a month. This loan was secured to be paid in the manner provided for in the agreement and assignment of wages above mentioned. The wages for which suit was brought were those due in May, 1903, and a written notice that the wages claimed were for said month, was served upon appellant by the North American Credit Company, with the statement that the claim was made by virtue of the written assignment above referred to. At the time the assignment was executed by Hargate, the month for which the salary was said to have been assigned was left blank and the blank was afterwards filled in under the direction of Nelson to cover the month ending May 31, 1903. The only authority which Nelson had for causing the blank to be filled in was the power of attorney contained in the agreement above mentioned, but the only salary and wages mentioned in the agreement were those which were said to be "payable according to custom heretofore on the first day of November, 1902."

The power of attorney which gave the North American Credit Company the right to fill out, date and file the writ-

ten assignment and collect Hargate's salary, before or after the same became due, should said company see fit to do so, could only have referred to the salary theretofore mentioned in the contract which was the salary due on November 1, 1902.   As Cooley relied upon the written power of attorney contained in the agreement for his authority to fill in the month in the assignment for which he claimed Hargate's salary, it was necessary that he follow the power given him strictly.   There was no power given him in the agreement to fill the blanks in the assignment to cover any salary due after November 1, 1902, so when he filled in the blank to cover the salary due for the month of May, 1903, he exceeded the authority given him.   The assignment covering Hargate's salary for May, 1903, was therefore without force and effect and could give Nelson no right to recover the same from appellant.   The court below therefore erred in admitting the assignment above mentioned in evidence and for this error the judgment must be reversed and the cause remanded.

This same objection has in substance been before us heretofore in the case of Wabash R. R. Co. v. F. A. Papin, for the use of John J. Nelson, 119 Ill. App. 99, where a similar contract and assignment were under discussion.

*Reversed and remanded.*